(35 Misc. Rep. 272.)

BROWNING v. GOLDMAN et al.

(Supreme Court, Appellate Term. June, 1901.)

COSTS—TRIAL FEE.

That a juror is withdrawn during the progress of the trial does not affect the rights of the successful party to a taxation of trial fee.

Appeal from city court of New York, general term.

Action by Therese D. Browning against Aaron Goldman and others. From an order of the general term affirming an order denying plaintiff's motion for retaxation of costs, he appeals. Reversed.

The following is the opinion of the court below (HASCALL, J.):

The leave granted, at what appellant calls the second trial, was for defendants to have opportunity to apply to the special term. For this plaintiff was given and received $10 term costs. The court at trial term did not judicially examine the issues on the facts, and those arising on the pleadings were sent to special term to be changed or corrected, if proper, on motion therefor. At least, that is what we gather from the meager record submitted; and hence this was not a trial within the meaning of the authorities defining just what shall be considered such. Just how "the judge sitting at special term promptly set aside the verdict," neither the papers submitted nor counsel have explained. The taxation of but two trial fees was very evidently quite correct, and the order appealed from should be affirmed, with costs and disbursements. Order affirmed, with costs.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

C. E. Thornall, for appellant.

J. A. Seidman, for respondents.

PER CURIAM. This case has been tried three times. Upon the first trial a verdict in favor of the plaintiff was rendered, and, upon his motion, was set aside on the ground of insufficient damages. Upon the second trial a juror was withdrawn at defendants' request, to enable them to apply at special term for leave to amend the answer. The third trial resulted in a verdict for plaintiff for the full amount. The clerk taxed only two trial fees, issues of fact. A motion for a retaxation was denied, and upon appeal to the general term of the city court from the order entered upon this decision the said order was affirmed. This was error. It has been frequently held that the withdrawal of a juror in the progress of a trial did not affect the right of the successful party to the taxation of costs. Gilroy v. Badger, 28 Misc. Rep. 144, 58 N. Y. Supp. 1106; Hudson v. Railroad Co., 57 App. Div. 99, 68 N. Y. Supp. 28. The order appealed from reversed, with costs and disbursements, and retaxation ordered.

Order reversed, with costs, and retaxation ordered.

(62 App. Div. 240.)

LOWRY v. COLLATERAL LOAN ASS'N.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

CHATTEL MORTGAGES—INTEREST—RIGHTS OF LOAN CORPORATIONS—USURY.

Laws 1896, c. 206, and Laws 1895, c. 326, authorizing the formation of corporations with power to loan money to indigent persons at a rate of interest greater than 6 per cent. per annum, was made inapplicable in the counties of Monroe and Westchester. Held to authorize a cor-

poration formed under such chapter 326 to make loans only to persons within the county where the corporation is situated, and that such a corporation cannot loan to a resident of the county of Westchester on a mortgage on chattels situated in such county at more than 6 per cent.

Appeal from special term, New York county.

Action by John Lowry against the Collateral Loan Association. From a judgment overruling defendant's demurrer to the complaint, it appeals. Affirmed.

The following is the opinion of LAWRENCE, J., delivered at special term:

This action is brought by the plaintiff to have declared null and void two certain chattel mortgages for $75 each, made by the plaintiff to the defendant on or about November 1, 1897, to secure the sum of $150, it being averred in the complaint that the said loan, which was secured by the plaintiff's notes and chattel mortgages, was usurious and void, and the relief demanded being that the said notes and chattel mortgages given to secure the said loan be delivered up to the plaintiff without payment, and that the defendant, pending the termination of this suit, be enjoined from taking any proceedings to collect or enforce said lien, or to realize upon the chattels covered by said mortgages. The defendant is a corporation organized under Laws 1895, c. 326, entitled "An act to provide for the incorporation of associations for lending money on personal property, and to forbid certain loans of money, property or credit," which authorizes the formation of companies in any county of this state with power to loan money to indigent persons at a rate of interest greater than 6 per cent. per annum. Under that act such corporations were authorized to be formed in any county of this state having a population of more than 300,000 and less than 600,000 inhabitants, according to the latest enumeration taken by the state. By chapter 706 of the Laws of 1895 the act was amended so as to permit the formation of such corporations in any county of this state having a population of more than 300,000 inhabitants, and by chapter 206 of the Laws of 1896 the act of 1895 was further amended so as to permit the formation of such corporations in any county in this state containing a city of more than 25,000 inhabitants according to the last enumeration taken by the state. But by said last amendatory act it was provided that the act should not apply to the counties of Monroe and Westchester. I am of the opinion that the demurrer, which has been interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, should be overruled.

1. By the third section of the act of 1895 (Laws 1895, c. 326) it is provided that the corporation by said act authorized shall be entitled to act as pawnbroker within such county, and shall be subject to and entitled to all the benefits and provisions of the laws of the state, and of all ordinances of the city in which it is located, concerning pawnbrokers. And it may lend money to such persons within such county as shall be deemed by it in need of pecuniary assistance, and may take as security for the payment of any such loan either a pledge or a mortgage of any personal property without the actual delivery to it of the property pledged or mortgaged, together with other lawful securities. It shall be entitled to charge and receive upon each loan made by it without the actual delivery to it of the property pledged or mortgaged, which charge shall include all services of any character in connection with said loan, except upon the foreclosure of the security, interest or discount at a rate not exceeding 3 per centum per month for a period of two months or less, and not exceeding 2 per centum per month for any period after said two months, and also a sum not exceeding $3 for the first examination of the property to be pledged or mortgaged and for drawing and filing the necessary papers; but no such loan greater than $200 shall be made, nor shall any one person owe such corporation more than $200 for principal at any one time. I think that the

fair construction of the act is that the loans made by the corporation are to be made to the persons within the county in which the corporation is situated, who shall be deemed by it in need of pecuniary assistance; not to persons without the county, who have come into the county where the company is located to obtain the loan.

2. By the amendatory act of 1896 (Laws 1896, c. 206), as already stated, the act is made applicable to any county of the state containing a city of more than 25,000 inhabitants according to the last enumeration taken by the state, but it was provided that the act should not apply to the counties of Monroe and Westchester. It is alleged in the complaint that as collateral security for the loan the plaintiff made and executed and delivered to the defendant a certain chattel mortgage on premises No. 266 South First avenue, Mt. Vernon, in the county of Westchester, the place and premises where the plaintiff at that time lived and still lives. It is further alleged in the third paragraph of the complaint that the defendant association has knowingly dealt with the plaintiff as a resident of the county of Westchester, and taken as security for such loans chattels situated within such county, within which the association had no power to do business under the act and amendatory acts under which the defendant was incorporated. On the face of the complaint enough, therefore, is stated to show that the plaintiff is not a person within the county, but a resident of Westchester; and, as the property mortgaged was situated within that county, facts are also stated which show that the defendant association did business in the county of Westchester, which it was prohibited from doing under the provision of the amendatory act of 1896.

3. It is apparent from the complaint that the defendant association has exacted a greater sum for the loan of money than the general statute in relation to usury permits. This the defendant can only justify by bringing itself strictly within the provisions of the acts of 1895 and 1896, which are in derogation of that statute. Tyng v. Warehouse Co., 58 N. Y. 308; Chapman v. Lynch, 156 N. Y. 551, 559, 51 N. E. 275. On the facts stated in the complaint and admitted by the demurrer, the defendant does not bring itself within the provisions of the act of 1895, as amended in 1896, and it therefore follows that the demurrer to the complaint must be overruled, with costs, with leave to the defendant to answer over on payment of costs. Draw decision and judgment accordingly, and settle on notice.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

James C. De la Mare, for appellant.
Henry G. K. Heath, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below, with leave to defendant to withdraw demurrer and answer in 20 days on payment of costs in this court and in the court below.

---

In re OPENING OF ELEVENTH ST. IN CITY OF OLEAN.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

MUNICIPAL CORPORATIONS—STREETS—IMPROVEMENTS—DAMAGES—EASEMENTS.
    In proceedings under Laws 1893, c. 478, § 94, amended by Laws 1898, c. 142, § 7, giving the city of Olean authority to open and improve streets, property owners are entitled to substantial damages for lands taken, unless such land was already burdened with an easement in a private right of way in favor of third parties.

Appeal from Cattaraugus county court.